Case 4:16-cv-00316   Document 1-3   Filed in TXSD on 02/05/16   Page 1 of 4

12/29/2015 6:19:41 PM
Chris Daniel - District Clerk Harris County
Envelope No. 8400627
By: Bonnie Lugo
Filed: 12/29/2015 6:19:41 PM

Cause No. _____

| | | |
|---|---|---|
| ANTELMO NARIO | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| BRANTON TOOLS, LLC., AND | § | |
| DAVID HARTMAN | § | |
| | § | |
| Defendants | § | _____JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Antelmo Nario and files this Original Petition against Defendants Branton Tools, LLC. and David Hartman and respectfully would show this court as follows:

### 1. PARTIES

Plaintiff Antelmo Nario is an individual who resides in Harris County, Texas.

Defendant, Branton Tools, LLC. is a Texas Company duly licensed to do business in the State of Texas, Harris County and may be served with process through their registered agent, Chris Branton, 2850 N. 137 Access Rd., Three Rivers, Texas 78071.

Defendant, David Hartman is an individual residing at, 827 Brittany Ln., Bossier, Louisiana, 71111 and may be served with process at his last known residential address, or wherever he may be found.

## 2. JURISDICTION AND VENUE

This court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Venue is proper in Harris County, Texas, because the accident occurred in Harris County.

## 3. DISCOVERY LEVEL

Plaintiff requests that discovery in this case be governed at the level 3 category.

## 4. CAUSES OF ACTION

On or about November 23, 2015, Plaintiff was a passenger in a vehicle when Defendant, David Hartman who was operating a truck on behalf of Branton Tools, Inc. ran a red light and struck the vehicle that Plaintiff was driving in. As a result of Defendant David Harman's negligent conduct, Plaintiff suffered severe injuries.

Plaintiff will show that Defendant David Hartman's actions or inactions amount to negligence per se. Specifically, Defendant was negligent in violating Tex Trans. Code §'s 545.062(a), and 545.151 (a)(1)(A), which amounts to negligence per se.

Defendant, David Hartman is liable for his negligence in failing to act as a reasonable and prudent driver would have under the same or similar circumstances. Defendant had a duty to exercise ordinary care and operate his vehicle in a reasonable and prudent manner. Specifically, Defendant breached this duty in one or more of the following ways:

    a.    Failing to timely apply his brakes;

    b.    Failing to maintain a proper lookout;

    c.    Failing to turn the vehicle in an effort to avoid a collision;

    d.    Driving the vehicle at a rate of speed that an ordinary and prudent person would not have driven under the same or similar circumstances;

    e.    Failing to pay attention as would a person of ordinary prudence; and,

    f.    Failing to control the speed of his vehicle.

Each of the foregoing negligent acts or omissions, whether taken singularly or in any combination, were the proximate causes of Plaintiff's injuries and damages.

### 5. RESPONDEAT SUPERIOR

Pleading further, Plaintiff would show Defendant Branton Tools, LLC. is liable to Plaintiff under the Doctrine of Respondeat Superior in that Defendant David Hartman was acting as an employee, agent or representative of Defendant Branton Tools, LLC. and/or was acting within the course and scope of his employment and/or agency at the time of the negligent acts made the basis of this lawsuit.

### 6. DAMAGES

As a direct and proximate result of the above-described acts of negligence of Defendant, Plaintiff will show he suffered actual damages within the jurisdictional limits of this Court. Specifically, Plaintiff's damages are as follows:

    a.    Physical pain and mental anguish in the past and future;

    b.    Reasonable and necessary cost of medical care and treatment in the past and future;

    c.    Physical impairment in the past and future;

    d.    Lost wages in the past and future;

    e.    Prejudgment and post-judgment interest;

    f.    monetary relief over $200,000.00 but no more than $1,000,000.00; and

f.  All other special items of damage necessarily incurred as a result of Defendant's conduct.

## 7.  JURY DEMAND

Plaintiff hereby demands a trial by jury.

## 8.  REQUEST FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests you disclose, within 50 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

## 9.  PRAYER

For these reasons, Plaintiff prays this court cite Defendants to appear and answer herein and that Plaintiff have judgment taken against Defendants and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**SMITH & HASSLER**

*/s/ Brent M. Cordell*
Brent M. Cordell
Texas Bar No. 24005953
1445 North Loop West, Suite 700
Houston, Texas 77008
brentcordell@smithhassler.com
Tele:  (713) 739-1250
Fax:   (713) 864-7226